UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY EUGENE LEWIS,

                Plaintiff,

    v.

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON,

                Defendant.

Case No. C16-1562-JLR-JPD

REPORT AND RECOMMENDATION

Plaintiff Anthony Lewis has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. Plaintiff filed this action while confined at the King County Correctional Facility in Seattle, Washington, but he has since been released from custody.[1] This action is related to a prior action filed by plaintiff in which he alleges that King County's continued enforcement of state sex offender registration statutes violates his constitutional rights. *See Lewis v. King County*, C16-1112-JLR-JPD, Dkt. 19. Plaintiff complains in this action that the Court failed to

---

[1] Mail directed to plaintiff at the King County Jail in early October 2016 was returned because plaintiff was no longer in custody. (*See* Dkt. 4.) Plaintiff has not provided the Court with an updated address in this action. However, he did provide an updated address in another pending action. *Lewis v. King County*, C16-1112-JLR-JPD, Dkt. 28. The Clerk is directed to update plaintiff's address in this action using the address provided in case C16-1112.

REPORT AND RECOMMENDATION - 1

timely respond to his request for a temporary restraining order in case C16-1112-JLR-JPD wherein he sought to enjoin King County from enforcing the sex offender registration requirements as to him.  Plaintiff identifies as the lone defendant in this action the United States District Court for the Western District of Washington.  Plaintiff requests that he be granted an immediate injunction and that he be awarded damages for the emotional pain and suffering associated with having to bring this separate action.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  This Court is not a state actor and is therefore not a proper defendant in an action brought under § 1983.  Plaintiff's complaint could perhaps be construed as a civil rights action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), given that plaintiff names a federal actor rather than a state actor.  However, a *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity.  *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994).  Thus, regardless of how the complaint is construed, plaintiff has not identified a viable defendant in this case.

The Court notes as well that plaintiff has not established any violation of a federal constitutional right and that, in any event, his request for relief appears to be moot.  A review of this Court's records reveals that plaintiff filed a motion for preliminary injunction/temporary restraining order in case C16-1112-JLR-JPD prior to submitting a viable complaint in that action.  *See* C16-1112-JLR-JPD, Dkt. 13.  Once plaintiff submitted a viable complaint, the Court ordered that plaintiff's amended complaint and his motion for preliminary injunctive relief be served on

REPORT AND RECOMMENDATION - 2

defendant, and it noted plaintiff's motion on the calendar for consideration on November 4, 2016. *See* C16-1112-JLR-JPD, Dkt. 23. The undersigned has now issued a Report and Recommendation in case number C16-1112-JLR-JPD recommending that plaintiff's motion for injunctive relief be denied. Plaintiff had no entitlement to issuance of an injunction prior to the submission of a viable pleading in that case. Moreover, now that this Court has issued a recommended ruling on plaintiff's motion for injunctive relief, he may further pursue any challenge to that ruling in his original case. This action is therefore effectively moot.

For the foregoing reasons, this Court recommends that plaintiff's complaint and this action be dismissed, with prejudice, for failure to state any claim upon which relief may be granted in this civil rights action. This Court further recommends that plaintiff's motion to proceed with this action *in forma pauperis* be denied as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 14, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 16, 2016.**

//

//

//

//

REPORT AND RECOMMENDATION - 3

1   This Report and Recommendation is not an appealable order.  Thus, a notice of appeal
2 seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
3 assigned District Judge acts on this Report and Recommendation.

4   DATED this 23rd day of November, 2016.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4